## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**RENA COLEMAN-CHERRY,**

**Plaintiff,**

                                                    **CASE NO:**

**v.**

**ALINA COMMUNITY CENTER AT MOUNT DORA, LLC., a Florida Limited Liability Company**

**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff RENA COLEMAN'CHERRY by and through her undersigned counsel, hereby files this Complaint against Defendant ALINA COMMUNITY CENTER AT MOUNT DORA, LLC, a Florida Limited Liability Company ("ALINA"), for unpaid compensation, overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and in support thereof states the following:

## NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for

health, efficiency, and general well-being of workers.  *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981).  The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to ensure restoration of the worker to that minimum standard of well-being.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

1.     This action is brought under the FLSA to recover unpaid labor wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs from Defendant.

## PARTIES

2.     Defendant hired Plaintiff as a Receptionist for its office located in Lauderdale Lakes, Florida.

3.     Defendant is a medical facility which provides mental health services.

4.     Defendant's principal place of business is located in Broward County, Florida.

5.     Defendant is a Florida for profit corporation and operates its business within Broward County, Florida.

6.     Defendant is subject to the personal jurisdiction of this court.

## JURISDICION AND VENUE

7.     This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and the FLSA.

8.     Venue is proper in the Southern District of Florida, Fort Lauderdale Division, Pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## FLSA ENTERPRISE COVERAGE

9.     At all material times relevant to this action (2020-2022), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

10.    At all material times relevant to this action (2020-2022), Defendant made gross earnings of at least $500,000.00 annually.

11.    At all material times relevant to this action (2020-2022), Defendant accepted payments from customers based on credit cards issued by out of state banks.

12.    At all material times relevant to this action (2020-2022), Defendant routinely ordered materials and supplies from out of state (i.e. telephones, office supplies, and medical equipment).

13.    At all material times relevant to this action (2020-2022), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling, or otherwise working on materials that have

been moved in or produced for interstate commerce (i.e. office supplies, ophthalmological supplies, and other medical equipment).

14.   At all material times relevant to this action (2020-2022), Defendant used U.S. mail to send and receive letters and packages to and from other states.

15.   At all times relevant to this action (2020-2022), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

16.   Plaintiff worked in the state of Florida without being paid at least the time and a half minimum hourly wage for all hours worked over forty (40) per week.

17.   Defendant controlled and/or was responsible for the work of Plaintiff.

18.   Defendant improperly paid Plaintiff for all hours worked over forty (40) hours in a work week.

## FACTUAL ALLEGATIONS

19.   Defendant initially hired Plaintiff on February 28, 2022, where she worked as a Receptionist until the end of her employment on or about April 22, 2022.

20.   In her capacity as an employee, Plaintiff earned an hourly wage of

$14.00.

21.     Plaintiff's chief responsibilities included interfacing with the Company's clients, calendaring and scheduling, and invoice collection.

22.     When initially offered the position, Defendant made certain assurances to Plaintiff regarding pay and hours.

23.     Specifically, her terms included an eight (8) hour workday, a thirty (30) minute lunch break, and two midday breaks lasting fifteen (15) minutes each.

24.     Plaintiff consistently worked in excess of forty (40) hours per work week and was not adequately paid for her time.

25.     Plaintiff was not relieved for short breaks and would often be forced to work during her lunch break.

26.     Additionally, Plaintiff often stayed beyond her shift's designated end time.

27.     Ultimately, Plaintiff worked regularly from 8:00 a.m. to 5:30 p.m., without a break of any sort as well as working an additional hour and thirty minutes beyond her scheduled shift.

28.     Defendant failed to pay Plaintiff for any overtime hours worked.

29.     Defendant knew it was not paying Plaintiff correctly and intentionally did so.

30.     Plaintiff is owed overtime wages-overtime pay at one and one half

her regular rate of pay for all overtime hours worked.

31.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

32.     Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful and/or reckless.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

33.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above and further asserts:

34.     Plaintiff worked for Defendant from February 2022 until April 2022 as an hourly paid employee for Defendant's business located in Lauderdale Lakes, Florida.

35.     Defendant is an employer doing business in the state of Florida, and at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

36.     Throughout Plaintiff's employment, Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one half the minimum wage for *all* hours worked over forty in a workweek.

37.     Specifically, Plaintiff worked multiple weeks in excess of forty (40) hours a week yet was not compensated for all work in excess of forty (40) hours at the proper rate of one and a half times their regular rate of pay.

38.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

WHEREFORE, Plaintiff demands:

a)     judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate him;

b)      liquidated damages and/or interest;

c)     reasonable attorneys' fees and costs incurred in this action;

d)     and all further relief that this Court determines to be just and appropriate.

e)     trial by a jury of Plaintiff's peers.

Dated this 14th day of December, 2022.

Respectfully submitted,

**_s/ Julien W. Maynard, Esq._**
Anthony J. Hall, Esq.
FL Bar No. 40924
Julien W. Maynard, Esq. – LEAD COUNSEL
FL Bar No. 1035332
THE LEACH FIRM, P.A.

631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7512
Email: ahall@theleachfirm.com
Email: jmaynard@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***